**UNITED STATES of America,**
**Plaintiff–Appellee**

**v.**

**Jordan JIM, Defendant–Appellant**

**No. 15–60778**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Date Filed: 06/23/2016

Jennifer L. Case, Gregory Layne Kennedy, Esq., Assistant U.S. Attorney, Jackson, MS, Gaines H. Cleveland, Assistant U.S. Attorney, Gulfport, MS, U.S. Attor-

**292**

ney's Office, Southern District of Mississippi, for Plaintiff–Appellee.

Michael L. Scott, Esq., Thomas Creagher Turner, Jr., Esq., Federal Public Defender's Office, Southern District of Mississippi, Jackson, MS, for Defendant–Appellant.

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Jordan Jim appeals a special condition of supervised release that was imposed following the revocation of his supervised release. The district court did not abuse its discretion in prohibiting Jim from using social media applications and websites. *See United States v. Ellis*, 720 F.3d 220, 224 (5th Cir. 2013). The record indicates that the district court imposed this condition because Jim used Facebook to convey a threatening message and ultimately committed an assault and battery that was precipitated by his anger related to Facebook comments. *See United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015). The prohibition on social media is therefore reasonably related to the nature and circumstances of one of his supervised release violations and his history and characteristics, the need for deterrence of criminal conduct, and the need to protect the public from further crimes. *See* 18 U.S.C. § 3583(d)(1). The condition does not impose a "greater deprivation of liberty than is reasonably necessary" to deter Jim and protect the public. *See* § 3583(d)(2). The condition is narrowed in both scope and time: Jim is only prohibited from using social media, as distinguished from the entire internet, and he

is prohibited from doing so for five years only.

The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.